**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MORGAN GARTNER, Individually and as Next Friend of E.G., a minor child,<br>*Plaintiff*, | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 4:18-CV-02242 |
| AMAZON.COM, INC.; and HU XI JIE,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S OPPOSED MOTION
TO RECUSE THE HONORABLE VANESSA D. GILMORE**

Plaintiff, Morgan McMillan (previously identified as Morgan Gartner), individually and as next friend of E.G., a minor child, respectfully requests that the presiding judge, the Honorable Vanessa D. Gilmore, recuse herself from this case. It has come to Plaintiff's attention that Judge Gilmore has written multiple books and, either directly or indirectly, is engaged in a business relationship with Amazon.com to sell two of her books.

Plaintiff's Motion is not a reflection on the personal ethics, qualifications or abilities of Judge Gilmore. Plaintiff and her counsel have great respect and admiration for Judge Gilmore as a jurist and for the tremendous focus and work required to write and publish multiple books.  However, given her business relationship with Amazon, it is only appropriate that this case be reassigned to another Judge.

As such, for the reasons described below, Plaintiff requests that Judge Gilmore proceed no further on this motion or in this action and that another district court judge for the Federal District Court for the Southern District of Texas be assigned to hear and decide this motion. Plaintiff further requests that the Court decide the present motion prior to ruling on Defendant's Motion for Summary Judgement.

## I. INTRODUCTION

Defendant Amazon sells a variety of products to consumers located in the United States and regularly conducts business in Texas. Furthermore, Defendant Amazon offers "Amazon Services Business Solutions" for use by its registered users which provides an e-commerce platform through which the user may sell a variety of products.

Among other things, this case involves the business relationship between Amazon.com ("Amazon") and the third-party sellers that use Amazon's e-commerce platform to sell their products. Furthermore, this case concerns the liability, jointly and severally, and the duties owed to consumers that purchase the third-party seller's products through Amazon.com.

As previously mentioned, it has come to light that Judge Gilmore has written and published several books and is selling two of those books, *Saving the Dream* and *YOU CAN'T MAKE THIS STUFF UP: Tales From a Judicial Diva*, on Amazon.com. (Exhibit A and B). The writing and publishing of even *one* book takes considerable time, dedication, and drive.  Judge Gilmore has invested a great deal of her time and energy in accomplishing the writing of these two books and is now rightfully seeking to profit from their sale.  In doing so, she, or her publisher, has contracted with the Defendant

Amazon.com.  This creates a business relationship either directly, or indirectly, between Judge Gilmore and the defendant in this case, Amazon.com, Inc ("Amazon").

## II. ARGUMENT

A party may petition the district court to recuse the assigned judge under 28 U.S.C. §455, which is based on the notion that a fair trial before an unbiased judge is a basic fundamental right to which litigants are entitled under the Due Process Clause of the U.S. Constitution. *Chitimacha Tribe v. Harry L. Laws Co.,* 690 F 2d 1157, 1165 (5th Cir. 1982). Pursuant to 28 U.S.C. §455(a), any judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "He shall also disqualify himself… Where he has a personal bias or prejudice concerning a party…" *See* 28 U.S.C. §455(b)(1).

The standard under §455 is not subjective. Rather, it requires a finding that "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted). Thus, under §455(a), "what matters is not the reality of bias or prejudice but its appearance," and "quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540, 548 (1994) (citation omitted). Cases where the appearance of impropriety is a close question are to be decided in favor of recusal. *See United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

Pursuant to 28 U.S.C. §455, Plaintiff requests recusal on two grounds. First, the impartiality of Judge Gilmore might reasonably be questioned by an objective observer given the business relationship between Judge Gilmore and Defendant Amazon. The nature of their business relationship is such that Judge Gilmore receives monetary compensation, from Defendant Amazon, for her book sales and will potentially continue to receive such compensation throughout the duration of this case. Second, it is only natural that a relationship of this nature would cause Judge Gilmore to harbor feelings of goodwill towards Amazon. "Bias and prejudice can deflect course of judgment and affect measure of its judgments, and if a judge finds himself possessed of those sentiments, he should recuse himself[.]" *United States v. Brown*, 539 F. 2d 467, 469 (5th Cir. 1976).

### III. CONCLUSION

An objective, disinterested, lay observer who is fully informed of the facts of this case and the business relationship between Judge Gilmore and Defendant Amazon would harbor significant doubt about Judge Gilmore's impartiality to adjudicate this case. Even if Judge Gilmore was to terminate her business relationship with Defendant Amazon for the duration of this case, the potential for the relationship, and the consequential monetary compensation, to be restored at a later date will prevent the elimination of her feelings of goodwill and bias towards Amazon. The mere appearance of bias or prejudice from the point of view of a reasonable, objective third party is enough to require recusal. For these reasons Judge Gilmore should recuse herself pursuant to 28 U.S.C. §455 and reassign this case to another judge of the United States District Court for

the Southern District of Texas whose impartiality and fairness cannot reasonably be questioned.

Respectfully submitted,


THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Lane, Suite 120
Austin, Texas 78746
P:  (512) 330-9001  │ F: (512) 330-9005
E:  jeffm@meyersonfirm.com


By:   _____
        JEFF M. MEYERSON,
        TSB No. 00788051
        S.D. Texas Adm. 1096289
        Attorney for Plaintiff




## CERTIFICATE OF CONFERENCE

Counsel for movant conferred with Counsel for respondent and, despite best efforts, were not able to agree about the disposition of the motion.


_____
JEFF M. MEYERSON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties of record, pursuant to the Federal Rules of Civil Procedure, on this 12th day of August, 2019.

*<u>Via email: charrison@munsch.com</u>*
*<u>Via Facsimile: (713) 222-1475</u>*
Clifford L. Harrison
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470

*<u>Via email: mwirrick@perkinscole.com</u>*
*<u>Via Facsimile: (206) 359-7280</u>*
Monique Wirrick
Perkins Coie L.L.P.
1201 3rd Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-6280

*<u>Via email: bmurphy@perkinscole.com</u>*
*<u>Via Facsimile: (206) 359-7179</u>*
W. Brendan Murphy
Perkins Coie L.L.P.
1201 3rd Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-6179