JEFF M. MEYERSON, TSB No. 00788051
Jeffm@meyersonfirm.com
THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Lane, Suite 120
Austin, Texas 78746
P: (512) 330-9001
F: (512) 330-9005

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MORGAN McMILLIAN (previously identified as MORGAN GARTNER), Individually and as Next Friend of E.G., a minor child,** | § § § § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:18-CV-02242** |
| | § | |
| **AMAZON.COM, INC.; and HU XI JIE,** | § § | |
| *Defendants.* | § § | |

### PLAINTIFF'S RESPONSE TO AMAZON'S MOTION
### TO EXCLUDE EXPERT JAHAN RASTY

Along with a host of other cheap and dangerous knock-off items from China, Amazon.com sells replacement Apple TV remote controls.[1] One of these dangerous generic remote controls was purchased by the Gartner family. Since the remote was not

---

[1] *See* "Amazon Has Ceded Control of Its Site. The Result: Thousands of Banned, Unsafe or Mislabled Products." Wall Street Journal, Aug. 23, 2019. https://www.wsj.com/articles/amazon-has-ceded-control-of-its-site-the-result-thousands-of-banned-unsafe-or-mislabeled-products-11566564990

equipped with the industry standard safety features found, for example, on an actual apple remote, the button battery was easily removed from its compartment by the toddler E.G. and ingested.  This resulted in the button battery to become lodged in her esophagus and to react with the saliva, causing severe chemical acid burns.

Defendant seeks to exclude Dr. Jahan Rasty's testimony because his conclusions are a searing indictment of Amazon's complete disregard for product safety. Dr. Rasty's research reveals that simple alternative remote designs can easily child-proof small electronic batteries. Consistently, knock-off remotes from China sold by Defendants that feature the same flimsy battery compartment fail basic safety tests.

Plaintiff has pled product liability causes of action including design defect, marketing defect, implied warranty, and negligence causes of action.   As to the design defect claim, Plaintiff must provide evidence that the knock-off remote from Amazon was unreasonably dangerous and that there was a safer alternative design that was available and economically feasible.

### Exhibits

Exhibit A - Dr. Rasty - April 11, 2019 Expert Report

Exhibit B – Dr. Rasty C.V.

### Dr. Rasty's Opinions

In summary, Dr. Rasty provided the following expert opinions, as detailed in his April 11, 2019 and May 20, 2019 reports and deposition testimony:

(1) The risks associated with button batteries in small electronics, particularly to infants and children, are well known among sellers of small electronics and toys. *See* **P00539.**

(2) Many products that have button battery components have conspicuous warning labels. *See* **P00539.**

(3) Underwriters Laboratory has developed safety standards that direct manufacturers to design small electronics such that (1) a tool (screwdriver or coin) would be required to open battery compartments or incorporating (2) a door or cover requiring a minimum of two independent and simultaneous movements to open by hand. *See* **P00540.**

(4) Viable, safer, and inexpensive alternative designs for button battery compartments exist. **P00540.**

**Relevance of Dr. Rasty's Opinions**

Amazon seeks to strike Dr. Rasty's opinions because he conducted experiments with other remotes (exemplars) designed with the same flaw as the remote which caused E.G.'s injuries (the subject remote.) It is standard practice among forensic mechanical engineers to not conduct tests on actual subject devices. **Dep. Rasty, 24:1-6, 55:15-56:7.**

Amazon misquotes Dr. Rasty; his exact testimony is that the exemplar remotes he tested and the subject remote in this case are "substantially, if not identical, the same" and that he had "no reason to believe… that they were different." **Dep. Rasty, 19:7-15, 24:16-23, 56:8-17.** Dr. Rasty testified that the subject remote had the same dangerous flaws and that using the exemplars in experiments would not yield different results. Both the

subject and the exemplars required "just one single action along the length of the remote to open up." Dr. Rasty testified that "everything was identical" and that they used "close-up photography" to find "manufacturing witness marks on them [that] look identical." **Dep. Rasty, 57:7-58:3**. Nothing in the case law cited by Amazon indicates that using identical or near-identical exemplars is prohibited in product safety litigation. In fact, courts routinely allow the use of substantially similar or identical exemplars during mechanical testing. *See Jackson v. E-Z-Go Division of Textron, Inc.*, 326 F. Supp. 3d 375, 406 (W.D. Ky. 2018)( "without a persuasive argument from Defendant about why the various differences between the Vehicle and the Exemplar are significant, the Court does not find that they are so great as to warrant exclusion for lack of substantial similarity"); *McKnight By and Through Ludwig v. Johnson Controls, Inc.*, 36 F. 3d 1396, 1403 (8th Cir. 1994). Nor is testing the actual subject product a requirement.

The obvious safer alternative design in this case and the design espoused and tested by Dr. Rasty was an actual Apple TV remote.  In his full testing report, that Defendant Amazon chose not to provide to this Court in its motion (but is attached herein as Exhibit A),  Dr. Rasty details how he tested that design for compliance with UL 4200A, an accepted industry standard that was developed to protect young children from button battery dangers.  It passed, showing that if only the Amazon.com device had used this safer alternative design, the trauma to E.G. would have been prevented.

Defendant Amazon in its motion belittles the danger of button batteries to small children, beyond merely a choking hazard.  Dr. Rasty is of the opinion that since Amazon

insists on selling these dangerous items, they should warn parents that the button battery compartment has *no* safety feature, unlike an Apple TV remote.

Amazon takes care to reiterate that safety standards are all voluntary in regards to button batteries. While that is certainly true, it has nothing to do with testimony by Dr. Rasty as to the design being unreasonably dangerous and opining on the safer alternative design.

In its Motion to Strike, Amazon makes selective comments in its attempts to confuse the Court as to the relevance and basis of his testimony.

To recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) *a safer alternative design existed*; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery. *Hernandez v. Tokai Corp.,* 2 S.W.3d 251, 256–57 (Tex.1999); TEX. CIV. PRAC. & REM.CODE § 82.005(a).

To determine whether a product was defectively designed so as to render it unreasonably dangerous, Texas courts have long applied a risk-utility analysis that requires consideration of the following factors: (1) the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use; (2) the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive; (3) the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs; (4) the user's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious

condition of the product, or of the existence of suitable warnings or instructions; and (5) the expectations of the ordinary consumer. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 432 (Tex.1997).

The risk-utility analysis does not operate in a vacuum, but rather in the context of the product's intended use and its intended users. *Hernandez,* 2 S.W.3d at 259–60 (risk-utility analysis of a cigarette lighter must be conducted in light of its intended adult users). *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 311 (Tex.2009).

Further, although Defendants seek to emphasize that the parents knew the remote was not a toy, such is hardly a bar to a product defect claim such as this where it was foreseeable that a consumer electronics remote control would be in a house with small children.

Since the Gartner parents never had to replace the battery, they had no knowledge of the lack of any button battery safety design in the remote.

Citing the Restatement (Third) of Torts, the Texas Supreme Court in *Timpte* goes on to state:

> "The focus of a design defect claim, however, is whether there was a reasonable alternative design that, at a reasonable cost, would have reduced a foreseeable risk of harm. *Id.* § 2 cmt. d. Thus, if it is reasonable for a product's designer to incorporate a design that eliminates an open and obvious risk, the product reaches a more optimum level of safety by incorporating the safer design than by keeping the current design with the open and obvious risk. *See id.* § 2 cmt. a. We see no reason to discard the risk-utility analysis that Texas courts have long-applied to encourage manufacturers to reach an optimum level of safety in designing their products."
>
> *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 314 (Tex. 2009).

As Amazon.com states in its Motion, UL 4200A is merely an industry standard and is not legally enforced by the U.S. government.  Amazon intentionally sells remotes that fail to comply with this standard.  However, a design defect may be found regardless of whether an industry or government standard exists.

**Dr. Rasty's Opinions Are Relevant Because They Support Elements of a Products Liability Claim.**

Plaintiffs provided Amazon the report of Dr. Rasty entitled, "The Forensic Engineering Assessment of Design Deficiencies Associated with a Generic Apple TV Remote Control."  (Exhibit A).  The C.V. of Dr. Rasty is attached as Exhibit B.

Dr. Rasty's report cites numerous articles about the dangers posed to young children by button batteries.  (*See* Exhibit A, pages 7- 8).

In the report, Dr. Rasty details his examination of the actual Gartner remote, his comparison of it to other identical remotes that he purchased on Amazon.com, and his examination of an actual Apple TV remote.

Page 8 of his report, cites the basis of his opinions including his experience, education and training in product design and engineering, his inspection of the Gartner remote, inspection of an Apple TV remote, and inspection of other knock-off ("generic") remotes sold by Amazon.

He discusses warning labels that are used by other, more responsible Sellers. (Exhibit A, page 9), and he discusses the UL 4200A standard and the reasons the standard was developed. (Exhibit A, page 10).

Dr. Rasty performed a pull test on a remote purchased on Amazon that was the same design as the Gartner remote.  (Exhibit A, page 10-11).  Amazon.com makes a fuss in its Motion that Dr. Rasty did not perform pull tests on the Gartner remote, however, as he testified, he did not want to risk any allegations of alteration to the remote.  The tested remotes had the same design as determined by his comparing and measuring the remotes as compared to the Gartner remote.

And, although engineers seek to quantify tests measures of force, the UL standard is a functional based standard and does not go into forces except for the drop test.  And, testimony as to "unreasonably dangerous" design merely required for him to view the Gartner remote and determine its lack of any safety designs, not actually test the Gartner remote.

Dr. Rasty discusses the "safer alternative design" which is that used by Apple in its Apple TV remote. (Exhibit A, page 12). He states that the design was "both technologically and economically feasible" at the time the Gartner remote was sold by Amazon.  He also demonstrates how the design protects children.  And, as further proof that the Apple design is a safer alternative, he tests and proves that it complies with UL 4200A.  (Exhibit A, pages 13 – 17).

## CONCLUSION

As of the writing of this response, Amazon.com continues to sell Chinese made knock-off Apple TV remotes that incorporate no safety mechanisms in their design. Instead of promptly pulling these items from their shelves, Amazon has chosen to risk

more children being injured, and then make excuses such as it's not a government standard, they're not the same remote, or they're not the seller.

Amazon.com now seeks to exclude the opinions of Dr. Rasty, a professor of engineering at Texas Tech University.  Not only is Dr. Rasty qualified, his opinions and the basis for them are relevant and admissible pursuant to the Federal Rules of Evidence.

Respectfully submitted,

THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Lane, Suite 120
Austin, Texas 78746
P:  (512) 330-9001 │ F: (512) 330-9005
E:  jeffm@meyersonfirm.com

By:  _____

JEFF M. MEYERSON
TSB No. 00788051
S.D. Texas Adm. 1096289
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties of record, pursuant to the Federal Rules of Civil Procedure, on this 6th day of January, 2020.

*Via Email: charrison@munsch.com*
*Via Facsimile: (713) 222-1475*
Clifford L. Harrison
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470

*Via Email: mwirrick@perkinscoie.com*
*Via Facsimile: (206) 359-7280*
Monique Wirrick
Perkins Coie L.L.P.
1201 3rd Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-6280

*Via email: bmurphy@perkinscoie.com*
*Via Facsimile: (206) 359-7179*
W. Brendan Murphy
Perkins Coie L.L.P.
1201 3rd Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-6179

By: _____

JEFF M. MEYERSON